SEXTON, Judge.
This is an appeal in a worker’s compensation ease in which plaintiff-appellant was denied compensation benefits based upon a finding by the trial court that plaintiff-appellant had failed to prove a work-related accident by a preponderance of the evidence. We reverse.
FACTS
Plaintiff Howard D’Wayne Davidson was employed by Highland Superstores in Shreveport beginning in November of 1986 as a stock clerk. His duties included loading and unloading of trucks, helping customers load appliances into their cars or trucks and general warehouse duties.
On July 19, 1987, while taking a shower, plaintiff noticed a bulge in his left groin area. He had never noticed the bulge before that time. He continued to work for approximately two weeks thereafter. As he noticed a throbbing pain related to the bulge, he decided to consult Dr. Tommy Mook, a licensed qualified physician specializing in the field of urology. Dr. Mook diagnosed a left inguinal hernia and recommended that plaintiff have it repaired.
The plaintiff was then referred to Dr. Frederick Knight, a general surgeon classified as an expert in the field of vascular and general surgery, for repair of the hernia. Between his initial visit with Dr. Mook and the referral to Dr. Knight, Mr. Davidson reported the injury to his employer. He received surgery to repair the hernia and was off work for two months, returning on October 12,1987. He was not paid for the time he missed work, and he did not receive worker’s compensation benefits or repayment for medical bills in connection with the repair of the hernia. After this time, plaintiff made a claim for worker’s compensation with the State of Louisiana, Office of Worker’s Compensation. The Office of Worker’s Compensation made a recommendation that temporary total benefits be paid to Mr. Davidson. However, one of the insurance companies, Liberty Mutual Insurance Company, the worker’s compensation insurer for Highland Superstores, rejected the recommendation of the Office of Worker’s Compensation. Thereafter, suit was filed.
The trial court rendered judgment against Mr. Davidson asserting that he had not demonstrated by a preponderance of the evidence that there was “an accident” on the job as defined under the worker’s compensation law. Mr. Davidson now appeals that judgment.
The testimony at trial consisted of Mr. Davidson’s assertion that he was employed by Highland Superstores and *671 worked as a stock clerk beginning in November of 1986. His job entailed the loading and unloading of trucks or customer’s cars with appliances, along with general warehouse duties. He testified that his job involved lifting televisions, ranges, refrigerators, VCRs and the like.
In July of 1987, while he was getting ready to go to work, Mr. Davidson testified that he noticed a bulge in his groin area while taking a shower. Having never previously noticed this, he decided to go to work. He continued to work for two weeks thereafter but noticed a little bit of throbbing after this time.
Mr. Davidson testified on cross examination that he did not engage in any other type of strenuous activity, but that he could not point to a specific date and time when the injury might have occurred. He indicated to Dr. Knight that he felt that the hernia was caused at his work. He did testify that he lifted his son who weighs less than 30 pounds and also testified that he had occasion to lift his 9-year-old stepchild and was sure that he did some lifting in the normal course of household activities.
Pamela Crawford, a claims adjuster with Liberty Mutual Insurance Company, testified that she dealt with Mr. Davidson’s claim. She testified that Mr. Davidson could not pinpoint a specific injury or occurrence as the cause of the hernia and that he surmised that it had occurred on the job. She therefore felt that the claim was not compensable and so recommended.
The testimony of Dr. Mook was introduced by way of deposition. He revealed that Mr. Davidson complained of a lump near an incision where he had received prior surgery for infertility. He diagnosed the lump as a left inguinal hernia and referred him to a surgeon. In the opinion of Dr. Mook, a person could obtain a hernia from lifting heavy objects. He felt that it would be unlikely that in this case a person could obtain a hernia by lifting a 15-month-old child. He deferred to the opinion of Dr. Knight concerning the etiology of adult hernias. He did testify that he did not believe that the prior surgery predisposed Mr. Davidson to the development of the hernia, nor did he feel that the prior surgery increased the likelihood of hernia development. He noted that he recalled that Mr. Davidson informed him that he might have gotten the hernia at work but he did not recall Mr. Davidson complaining of pain.
By deposition, Dr. Frederick Knight, the surgeon who performed surgery on Mr. Davidson’s hernia, testified that the hernia was in no way related to the prior surgery. He testified that Mr. Davidson felt that he injured himself while on the job and did not indicate any other type of activity that may have caused the hernia at the time of his visit with Dr. Knight.
Dr. Knight opined that hernias are caused when some event raises intraabdo-minal pressure. He felt that based upon the history given, the work-related lifting activities would have been sufficient to cause the hernia and issued a letter to Mr. Davidson’s employer to this effect. He felt if the evidence showed that he lifted the child at home that this type of activity may possibly cause a hernia as well.
He noted that Mr. Davidson did not complain of pain when he first noticed the bulge. He didn’t remember Mr. Davidson pinpointing a specific event which may have caused the hernia.
Dr. Knight testified that it is impossible to tell the age of a hernia based on size or appearance. He testified that asymptomatic hernias, those where no pain is felt at the time of the occurrence, exist quite frequently. The patient may not be aware of the bulge either, but a physician would be able to tell.
Dr. Knight opined that the type of hernia that Mr. Davidson experienced is most commonly caused by lifting something which increases abdominal pressure. The symptoms in every person are manifested differently. He felt that he saw just as many hernias occurring as a result of a series of strenuous activities such as lifting heavy objects which were not immediately symptomatic as he saw hernias occurring suddenly where pain is felt immediately.
LSA-R.S. 23:1221(4)(r)(i) provides:
*672 § 1221. Temporary total disability; permanent total disability; supplemental earnings benefits; permanent partial disability; schedule of payments
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
[[Image here]]
(4) Permanent partial disability. In the following cases, compensation shall be solely for anatomical loss of use or amputation and shall be as follows:
[[Image here]]
(r)(i) In all claims for inguinal hernia, it must be established by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of employment; that the accident was reported promptly to the employer, and that the employee was attended by a licensed physician within thirty days thereafter.
[[Image here]]
The competing theories for the cause of the hernia in this case are that either Mr. Davidson received the injury while lifting a less than 30-pound child or while lifting heavy appliances on his job. Although there are indications that a hernia may be caused by the lifting of a child, both physicians in this case felt that it was most likely that the hernia occurred as a result of Mr. Davidson’s work. Dr. Knight opined that this was the most common cause of this type of hernia. He issued a letter to Mr. Davidson’s employer in which he indicated that he felt that the hernia was the result of Mr. Davidson’s work. Although the symptoms did not manifest themselves on the job, Dr. Knight clearly stated that not all hernias are symptomatic, and in many cases the symptoms may manifest themselves at a later time. Therefore, it was entirely possible that Mr. Davidson received -the injury at work and did not feel any pain or notice the symptoms until a later time. The fact that he could not recall a specific incident should not defeat his case especially in light of the type of injury he received.
The defendant’s contention that the hernia was caused by routine household lifting (including the lifting of a small child) seems unlikely. The plaintiff’s job involved consistently lifting heavy objects. Indeed, the medical evidence is clear that a hernia of the type suffered by the plaintiff may occur without immediate symptomology, and that plaintiff’s job, which required consistent heavy lifting, was the most likely cause of the hernia.
We note that the trial court’s brief written opinion gave no reasons for rejecting the medical testimony that the plaintiff's injury was more likely than not a result of his heavy lifting duties. Furthermore, in our reading of the record, we are unable to discern a basis for rejecting that evidence. We therefore determine that the trial court was manifestly in error on this record in determining that the plaintiff had- not proven by a preponderance of the evidence that the hernia resulted from injury by accident arising out of and in the course and scope of his employment. LSA-R.S. 23:1221(4)(r)(i). We will therefore reverse the judgment of the trial court and render judgment in favor of the plaintiff.
Appellant requests an award of benefits in conformance with the Office of Worker’s Compensation recommendation, and we will therefore award temporary total benefits to be paid from August 4, 1987 through October 12, 1987, the dates of his release and return to work. This compensation is, per plaintiff’s prayer, at the rate of $81.67 per week (based on an average weekly wage of $122.50) to be paid in a lump sum of $810.67. In addition, we award Mr. Davidson $2,639.30 as medical expenses incurred from Willis Knighton Hospital and $1,145.00 for services rendered by Dr. Knight.
Appellant also requests an award of ten percent penalties and attorney’s fees for the arbitrary arid capricious denial of plaintiff-appellant’s claim pursuant to LSA-R.S. 23:1201.2. After considering the facts of this case, we cannot find that Liberty Mutual was arbitrary, capricious or in bad faith in denying plaintiff-appellant’s claim. We therefore deny appellant’s claim *673 for ten percent penalties and attorney’s fees.
DECREE
Premises considered,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, HOWARD D’WAYNE DAVIDSON, and against the defendants, HIGHLAND SUPERSTORES, INC. and LIBERTY MUTUAL INSURANCE COMPANY, in the full sum of EIGHT HUNDRED TEN and 67/100 DOLLARS ($810.67), representing worker’s compensation benefits for temporary total disability from August 4, 1987, through October 12, 1987.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, HOWARD D’WAYNE DAVIDSON, and against the defendants, HIGHLAND SUPERSTORES, INC. and LIBERTY MUTUAL INSURANCE COMPANY, in the full sum of THREE THOUSAND SEVEN HUNDRED EIGHTY-FOUR and 30/100 DOLLARS ($3,784.30), representing unpaid medical expenses.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, HOWARD D’WAYNE DAVIDSON, and against the defendants, HIGHLAND SUPERSTORES, INC. and LIBERTY MUTUAL INSURANCE COMPANY, awarding legal interest on the sums aforesaid from the dates each was due until paid.
All costs herein are assessed against defendants-appellees.
REVERSED AND RENDERED.